Chief Justice Robertson
delivered the opinion of the Court.
James sued Hughes in trespass, for causing his (James’) horses, to run off.with his wagon, whereby they and it were injured.
Hughes justified, by pleading in substance, that one Jasper, was taking from the crib of Hughes, his corn, and throwing it into the wagon, for the purpose of hauling it away, without authority of law or his (Hughes’) consent; that he requested Jasper to de *700 part, and' gently laid hia hands on the horses to move them from the crib, which is the same trespass complained of, and was all that he did.
J f a, person acted as deputy sheriff, he will be estop-ped to deny that he was dopntysheriff. But if a deputy sberiffhim-self, or any other person, attempt to justify his act, by pleading that he was deputy sheriff, proofthat he acted as deputy sher- ■ iff, is insufficient. It must, in such case, be proved that ho was deputy sheriff.
To this plea, James replied that Jasper was a deputy sheriff, and as such, had levied some fee bills on the corn of Hughes, and was, (as he had a right to do> proceeding to haul the corn to aplace of safekeeping.
Hughes- rejoined, that Jasper had been a commissioner of the tax within a year prior to his appointment of deputy sheriff, and was not therefore eligible to the office of deputy sheriff.
A demurrer to this rejoinder having been sustained, Hughes again rejoined, traversing and taking issue on all the issuable allegations in the replication.
The jury found a verdict for James, and the courf having refused to grant to Hughes a new trial, he has prosecuted a writ of error, to reverse the judgment on the verdict.
By filing his last rejoinder, Hughes waived any advantage, which might have resulted to him from the judgment on the demurrer, if he had not pleaded over, it is not necessary, therefore, to decide on the first rejoinder filed by him.
But the evidence was not sufficient, in our opinion, to sustain the replication of James.
1st. it was not proved, that Jasper was a deputy sheriff, if he acted as such, he would be thereby estopped to deny, that he was deputy sheriff. But yidien he or any other person shall attempt to justify his act by pleading, that he was deputy sheriff, if the fact, that he was such an officer, be not admitted by the issue; proof, that he had acted as deputy sheriff,will be insufficient. It must, in such case, be proved that he was deputy sheriff.
2di There was no competent proof of Jasper’s authority to take the com, if it had not been proved that he was deputy sheriff.
The fee bills were not shewn, and of course, it did not appear that they were such as would have authorized' a distress.
Anderson, for plaintiff; Owsley, for defendant.
The notice to Hughes to produce them, did not authorize parol proof of their contents, because it was not shewn that Hughes had ever had them. over, the parol proof, if it had been admissible, did not shew that the fee bills justified the distress.
Wherefore, the judgment of the circuit court is reversed, and the cause remanded for a new trial.